RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4618-15T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

 Plaintiff-Respondent,

v.

F.S.,

 Defendant-Appellant,

and

M.F. and D.B.,

 Defendants.
——————————————————————————————
IN THE MATTER OF A.S, D.S., and
D.B.,

 Minors.
———————————————————————————————

 Submitted September 26, 2017 – Decided October 5, 2017

 Before Judges Reisner and Hoffman.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Burlington
 County, Docket No. FN-03-0116-16.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Sarah M. Dingivan, Designated
 Counsel, on the briefs).
 Christopher S. Porrino, Attorney General,
 attorney for respondent, (Melissa H. Raksa,
 Assistant Attorney General, of counsel; Hannah
 F. Edman, Deputy Attorney General, on the
 brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor D.S. (Charles
 Ouslander, Designated Counsel, on the brief).

PER CURIAM

 Defendant F.S. appeals from a February 12, 2016 fact finding

order determining that she neglected her son D.S. (Daniel)1 within

the meaning of Title 9, N.J.S.A. 9:6-8.21(c)(4)(a), by failing to

provide proper dental care.2 We affirm.

 The Division of Child Protection and Permanency (Division)

first became involved with defendant and her children in 2008,

upon receipt of an allegation of illegal drug use, followed by

four reports of abuse or neglect over the next six years. These

allegations were all deemed unfounded. At the time the Division

filed its complaint for custody in October 2015, defendant was the

mother of five children between the ages of two and ten, including

then four-year-old Daniel.

1
 We refer to D.S by a pseudonym for anonymity and ease of
reference.
2
 The February 12, 2016 order was perfected for appeal when the
trial court entered a final order on May 19, 2016 terminating
litigation.

 2 A-4618-15T1
 The case under review began on October 13, 2015, when the

Division received an allegation defendant was abusing her oldest

son. After speaking with him at his school, the Division completed

an emergency removal of all five children. Upon entering

defendant's home, the Division workers found the children dirty,

without adequate clothing. The workers also noted the children

had rotten teeth, and Daniel's teeth were "really in bad shape."

The Division substantiated defendant for neglect of all five

children.

 At an October 16, 2015 hearing, the court ordered Daniel and

one of his siblings returned to defendant's custody,3 with the

Division to retain care and supervision. The court further

ordered, "All the children shall be seen by a dentist."

 At the fact finding hearing, a photograph admitted into

evidence showed Daniel's teeth were rotten and his gums black.

Defendant testified Daniel's teeth were rotten due to lack of

calcium. Defendant further testified Daniel had been to the

dentist and the dentist recommended Daniel see a pediatric dentist.

However, defendant failed to take Daniel to the recommended dentist

because it was "far out of [the] way." Defendant did take Daniel

to the dentist after the court ordered her to do so, and Daniel's

3
 At the same hearing, defendant consented to the placement of her
remaining children with relatives.

 3 A-4618-15T1
front baby teeth were removed. Defendant's oldest son also

experienced the same issues and had his front baby teeth removed

when he was about the same age as Daniel. Defendant admitted a

dentist told her she should brush the children's teeth to prevent

rotting.

 At the end of the fact finding hearing, the judge rendered

an oral opinion, concluding defendant neglected Daniel, "pursuant

to the definitions of Title 9," by "grossly neglect[ing] to tend

to [Daniel's] dental needs."4 The judge found defendant's

explanations regarding the state of Daniel's teeth lacking in

credibility. He reasoned that defendant was told how to rectify

the problem with Daniel's teeth and failed to do so; allowing

Daniel's teeth to get to the rotten state they were in constituted

neglect.

 On this appeal, we are bound to accept the trial judge's

factual findings so long as they are supported by sufficient

credible evidence. N.J. Div. of Youth & Family Servs. v. F.M.,

211 N.J. 420, 448-49 (2012). While we review a trial judge's

legal conclusions de novo, we owe particular deference to the

judge's expertise in family-related issues. Id. at 448; Cesare

v. Cesare, 154 N.J. 394, 413 (1998). However, we grant no

4
 The judge found the Division did not sustain its burden of
establishing neglect regarding defendant's four other children.

 4 A-4618-15T1
deference to the Family Part if the judge's findings "went so wide

of the mark that the judge was clearly mistaken." N.J. Div. of

Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). Based

on our review of the record, we find no basis to disturb the trial

judge's decision.

 Defendant argues the record lacks adequate credible evidence

to support the trial judge's finding of neglect. Specifically,

defendant argues the judge erred in finding defendant failed to

meet the "minimum degree of care" required by N.J.S.A. 9:6-

8.21(c)(4), asserting the Division needed an expert to prove Daniel

suffered harm or was at substantial risk of harm.

 The focus in abuse and neglect cases is to protect children

who have been abused or are at risk of being harmed. N.J. Div.

of Youth & Family Servs. v. A.L., 213 N.J. 1, 18 (2013). Under

Title 9, an abused or neglected child is defined as:

 [A] child less than 18 years of age . . .
 whose physical, mental, or emotional condition
 has been impaired or is in imminent danger of
 becoming impaired as the result of the failure
 of his parent or guardian . . . to exercise a
 minimum degree of care (a) in supplying the
 child with adequate food, clothing, shelter,
 education, medical or surgical care though
 financially able to do so or though offered
 financial or other reasonable means to do so
 . . . .

 [N.J.S.A. 9:6-8.21(c).]

 5 A-4618-15T1
 "[T]he phrase 'minimum degree of care' refers to conduct that

is grossly or wantonly negligent, but not necessarily

intentional." G.S. v. N.J. Div. of Youth & Family Servs., 157

N.J. 161, 178 (1999). Such misconduct occurs when "an ordinary

reasonable person would understand that a situation poses

dangerous risks and acts without regard for the potentially serious

consequences . . . ." Id. at 179. "[A] failure to provide for a

child's needs, when a parent is capable of doing so, can support

actionable neglect where a child's condition has been demonstrated

to be impaired or in imminent danger of being impaired." N.J.

Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 35 (2011).

 Defendant argues her conduct did meet the "minimum degree of

care" required by N.J.S.A. 9:6-8.21(c)(4). Defendant relies on

P.W.R., supra, 205 N.J. at 38, where a step-parent failed to take

her sixteen-year-old step-daughter to the pediatrician for two

years, but the step-daughter showed no signs of harm. However,

the facts here are distinguishable from the facts of P.W.R., where

the child sustained no harm; here, we have clear evidence of harm:

Daniel's rotten teeth, and their subsequent removal. Further,

defendant knew of the consequences of failing to care for Daniel's

teeth as her oldest child experienced the same problem, requiring

the removal of his teeth when he "was [three] and a half." The

record also contains no evidence that defendant lacked the means

 6 A-4618-15T1
or ability to provide Daniel with proper dental care. Clearly,

defendant's failure to seek dental care for Daniel's teeth

constitutes a failure to provide a minimum degree of care under

the neglect statute.

 As noted, defendant argues the Division presented

insufficient evidence to establish neglect, asserting a medical

expert was necessary to prove either actual harm or a substantial

risk of harm to Daniel. Defendant relies on A.L., supra, 213 N.J.

at 28, which states, "When . . . the evidence presented does not

demonstrate actual or imminent harm, . . . [c]ompetent expert

testimony, stipulations, or other evidence could shed light on the

facts introduced." However, A.L. goes on to state, "In many cases,

an adequate presentation of actual harm or imminent danger can be

made without the use of experts." Id. at 29. "If scientific,

technical, or other specialized knowledge will assist the trier

of fact to understand the evidence or to determine a fact in

issue," expert testimony is permissible. N.J.R.E. 702. However,

"expert testimony is not necessary when the subject can be

understood . . . utilizing common judgment and experience."

Campbell v. Hastings, 348 N.J. Super. 264, 270 (App. Div. 2002).

 The facts of this case are distinguishable from A.L. in that

an average person can surmise the harm from rotten and missing

front teeth. In contrast, the child in A.L. had a positive blood

 7 A-4618-15T1
test for a chemical unknown to the average person and no outward

physical impairment. A.L., supra, 213 N.J. at 26-27. Daniel is

missing his two front teeth because they rotted away and were

removed at the age of four. For this type of harm, we discern no

need for expert testimony.

 Finally, defendant argues the trial court impermissibly

shifted the burden of proof to defendant to prove there was not

neglect. This argument lacks merit. While the court discussed

the credibility of defendant's testimony, the court did not place

the burden of proof on defendant. The Division presented extensive

testimony of Division workers who observed and spoke with the

children. The court also carefully reviewed and described the

picture of Daniel's teeth in making its finding of neglect. We

are satisfied the trial court relied on evidence presented by the

Division and did not shift the burden of proof to defendant.

 Any arguments not addressed lack sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E). In summary,

we conclude the record contains sufficient credible evidence

supporting the trial judge's determination of neglect under

N.J.S.A. 9:6-8.21(c).

 Affirmed.

 8 A-4618-15T1